UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
GETEX INVEST TRADING G.M.B.H.,

                              Plaintiff,                    07 CV

-v-

                                                **VERIFIED COMPLAINT**

SRC LONDON, LLP,

                              Defendant.
-----------------------------------------------------------------x

        Plaintiff, GETEX INVEST TRADING G.M.B.H. (hereinafter "GETEX"), by its attorneys, CHALOS, O'CONNOR & DUFFY, L.L.P., as and for its Verified Complaint against Defendant, SRC LONDON, LLP (hereinafter "SRC"), alleges upon information and belief as follows:

## JURISDICTION

        1.      The Court has subject matter jurisdiction by virtue that the underlying claim herein is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of this Court under 28 U.S.C. § 1333.

## THE PARTIES

        2.      At all times material hereto, Plaintiff, GETEX, was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country, with an office and principal place of business at Wipplingerstrasse 1/2, A-1010 Vienna, Austria..

        3.      At all times material hereto, Defendant, SRC, was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country,

with an office and principle place of business at 118 London Road, Kingston Upon Thames, England, United Kingdom.

## FACTS AND CLAIM

4. On or about October 24, 2007, GETEX and SRC entered into a contract for the sale, purchase and shipment of certain Russian origin milling wheat in bulk.

5. This contract, incorporating the terms and conditions of the GAFTA No. 48, is a maritime contract.

6. Pursuant to the terms of the agreement, SRC was to deliver, via a single deck bulk carrier suitable for grab discharge, a total of four thousand (4,000) metric tons of cargo, in two (2) two thousand (2,000) metric ton cargo lots, at a rate of US$ 318.50 per metric ton.

7. However, despite SRC's obligations pursuant to the contract, SRC failed to carry and deliver the cargoes.

8. As a result, plaintiff, GETEX, was forced to find replacement cargoes. The replacement cargoes cost GETEX US$360.00 per metric ton, *i.e.* an additional US$41.50 per metric ton from the contract rate previously agreed with SRC. Therefore, GETEX was damaged US$166,000.00 in excess of what GETEX would have incurred, had SRC performed its obligations under the agreement.

9. Despite GETEX's repeated demands for payment by SRC, defendant SRC, in breach of the terms of the agreement, has failed, neglected and/or otherwise refused to pay plaintiff, GETEX, US$166,000.00, the sum due and owing GETEX.

10. In accordance with the terms of the agreement, disputes arising out of the agreement are to be resolved by way of GAFTA Nr. 125 maritime arbitration proceedings

held before arbitrators who are experts in maritime matters. GETEX has appointed its arbitrator and demanded SRC to proceed to arbitration with this matter.

11. Furthermore, GETEX has and will incur additional legal fees and costs, which will be an amount not less than US$50,000.00. Therefore, GETEX's total claim against SRC is US$216,000.00.

## BASIS FOR ATTACHMENT

12. Defendant cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendant is believed to have or will have during the pendency of this action, certain assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to or claimed by the Defendant within this District held by various parties, as garnishees, including by not limited to electronic fund transfers.

13. Plaintiff believes that some of these assets, to wit: accounts; bank accounts; monies; charter hire; credits; debts owed to the defendants; effects; payments for bunkers, cargo, goods or services; debts; unmatured debts; bills of lading; payments from the purchasers of cargoes; freight and/or hire payments to or from owners of vessels, or charterers, to Defendant, SRC, and/or Clearing House Interbank Payment System (CHIPS) credits or funds being transferred through intermediary banks, are located in this District in the possession of garnishees, including, but not limited to, ABN AMRO BANK, American Express Bank, Bank of America, Bank of China, Bank of New York, Bank of Tokyo Mitsubishi UFJ Ltd., Barclay's Bank, BNP Paribas SA, Calyon, Calyon Financial, Inc., Citibank N/A, Credit Suisse Securities (USA) LLC, Deutsche

3

Bank, HSBC (USA), JPMorgan Chase Bank, Mashreqbank, Societe Generale, Standard Chartered Bank, UBS AG, U.S. Bank, Wachovia Bank, Wells Fargo Bank, CHIPS and possibly other banks or financial institutions located in New York.

WHEREFORE, Plaintiff prays:

A. That process in due form of law issue against the Defendant, citing them to appear and answer under oath all, and singular, the matters alleged in the Verified Complaint;

B. That since the Defendant cannot be found within the District, as set forth in the Declaration of George M. Chalos, and pursuant to Rule B and Rule E of the Supplemental Rules of Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B and Rule E of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all of Defendant's tangible or intangible property or any other funds held by any garnishees in the district which are due and owing, or other property of the Defendant, up to the amount of USD $432,000.00 to secure and satisfy the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B and Rule E answer the matters alleged in the Complaint;

C. That Plaintiff may have such other, further and different relief as may be just and proper.

Dated: Port Washington, New York
December 13, 2007

                                    CHALOS, O'CONNOR & DUFFY, L.L.P.
                                    Attorneys for Plaintiff
                                    GETEX INVEST TRADING G.M.B.H.

By: _____
                                    George M. Chalos (GC-8693)
                                    366 Main Street
                                    Port Washington, New York 11050
                                    Tel: (516) 767-3600
                                    Fax: (516) 767-3605
                                    Email: gmc@codus-law.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
GETEX INVEST TRADING GMBH,

                              Plaintiff,                      07 CV

-v-

                                                                **VERIFICATION OF**
                                                                **COMPLAINT**
SRC LONDON, LLP

                              Defendant.
------------------------------------------------------------x

       Pursuant to 28 U.S.C. §1746, GEORGE M. CHALOS, Esq., declares under the penalty of perjury:

       1.     I am a Member of the law firm of CHALOS, O'CONNOR & DUFFY, L.L.P., counsel for the Plaintiff, GETEX INVEST TRADING GMBH, herein;

       2.     I have read the foregoing Verified Complaint and know the contents thereof; and

       3.     I believe the matters to be true based on documents and information obtained from employees and representatives of the Plaintiff through its agents, underwriters and attorneys.

       4.     The reason that this verification was made by deponent and not by the Plaintiff is because Plaintiff is a foreign corporation, whose officers are not in this district, and whose verification cannot be obtained within the time constraints presented by the circumstances of this case.

       I declare under penalty of perjury that the foregoing is true and correct.

Dated: Port Washington, New York
       December 13, 2007

CHALOS, O'CONNOR & DUFFY, L.L.P.
Attorneys for Plaintiff
GETEX INVEST TRADING GMBH

By: _____
George M. Chalos (GC-8693)
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600
Fax: (516) 767-3605
Email: gmc@codus-law.com